USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DAYS INN WORLDWIDE, INC., a
Delaware Corporation

      Plaintiff,

  -against-

AMAR HOTELS, INC., a Georgia
Corporation; NEELU THAKOOR, in her
capacity as the executor of THE
ESTATE OF BHUPENDRA THAKOOR; and
AJITKUMAR MEHTA, an individual,

      Defendants.
------------------------------------X

05 Civ. 10100(KMW)(KNF)
ORDER

WOOD, U.S.D.J.:

  By order dated December 21, 2007, the Court granted Plaintiff's motion for (1) default judgment against Defendant Amar Hotels, Inc. ("Amar"); and (2) attorney fees pursuant to Section 35(a) of the Lanham Act. 15 U.S.C. § 1117(a). The Court referred this action to Magistrate Judge Kevin Nathanial Fox for an inquest into damages and attorney fees.

  By Report and Recommendation dated May 2, 2008 (the "Report"), Magistrate Judge Fox recommended that the Court award Plaintiff: "(1) $37,557.23 in recurring fees; (2) prejudgment interest, at nine percent per year, on the $37,557.23 of recurring fees, computed from July 18, 2003; (3) $60,000 in liquidated damages; (4) prejudgment interest, at nine percent per year, on $60,000 of liquidated damages,

1

computed from August 17, 2003; (5) $241 in costs; (6) $5,014.38 in attorney fees; and (7) postjudgment interest, pursuant to 28 U.S.C. § 1961(a)[, from the date default judgment is entered]." Report 16.

The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), they had ten days from service of the Report to serve and file any objections. The Report also informed the parties of their opportunity to request an extension of time to file objections. Finally, the Report explicitly cautioned that failure to file timely objections would preclude appellate review.

No objections have been filed, and the time to object has expired. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993). The Second Circuit "ha[s] adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989), and "[t]he Supreme Court upheld this practice, at least when the parties receive clear notice of the consequences of their failure to object," id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

Furthermore, the Court has reviewed the Report, and finds

2

it to be well-reasoned and free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Court therefore accepts and adopts the Report.

Accordingly, the Clerk of the Court is directed to enter default judgment against Amar in the following amounts: (1) $37,557.23 in recurring fees; (2) prejudgment interest, at nine percent per year, on the $37,557.23 of recurring fees, computed from July 18, 2003; (3) $60,000 in liquidated damages; (4) prejudgment interest, at nine percent per year, on the $60,000 of liquidated damages, computed from August 17, 2003; (5) $241 in costs; and (6) $5,014.38 in attorney fees. Pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to postjudgment interest from the date default judgment is entered. Because there are no remaining issues in this action, the Clerk of the Court is directed to close this case. Any pending motions are moot.

SO ORDERED

DATED: New York, New York
June 16, 2008

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge